UNITED STATES DISTRICT COURT )
EASTERN DISTRICT OF NEW YORK )
-------------------------------------------------------- )
DANIELA ORTIZ AND PINCHAS RINGEL )
on behalf of themselves and )
all other similarly situated consumers ) CV-12- 2251 (SLT)
)
Plaintiffs, )
)
-against- )
)
)
ALLIED INTERSTATE, LLC )
)
Defendant. )
-------------------------------------------------------- 

## AMENDED CLASS ACTION COMPLAINT

### *Introduction*

1. Plaintiffs Daniela Ortiz and Pinchas Ringel seek redress for the illegal practices of Allied Interstate, LLC concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2. Plaintiffs are citizens of the State of New York who reside within this District.

3. Plaintiffs are consumers as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that defendant sought to collect from plaintiffs a consumer debt.

4. Upon information and belief, defendant's principal place of business is located in Columbus, Ohio.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### Jurisdiction and Venue

7. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b). as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

### Allegations Particular to Daniela Ortiz and Pinchas Ringel

9. Upon information and belief, on a date better known by defendant, defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

10. On or about February 1, 2012 and March 1, 2012, defendant sent the plaintiffs respectively a collection letter seeking to collect a balance allegedly incurred for personal purposes.

11. Said letters state in pertinent part as follows: "We urge you to make this payment promptly. If you fail to do so, we will have no choice but to continue taking further actions to ensure our client is paid."

12. Said language leads the "least sophisticated consumer" to believe that legal action will be taken to ensure payment of the debt.

13. Upon information and belief the original creditor had no intention of taking legal action.

14. Upon information and belief, at the time of the sending of the February 1, 2012 and March 1, 2012 letters, the defendant had no authorization from the underlying creditor to continue taking further actions to ensure that the underlying creditor is paid.

15. The language at issue contradicts the plaintiffs' rights in a threatening fashion i.e. to dispute the debt and seek verification thereof.

16. Said letter does not set forth an address where plaintiffs can dispute the debt in order to seek verification of debt thereof.

17. Defendant's letter is in violation of 15 U.S.C. §§ 1692g, 1692e(5) and 1692e(10) for failing to accurately set forth the dispute and verification rights and for engaging in deceptive and falsely threatening practices.

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by plaintiff on behalf of themselves and the members of a class, as against the defendant.*

18. Plaintiffs restate, reallege, and incorporate herein by reference, paragraphs 1-17 as if set forth fully in this cause of action.

19. This cause of action is brought on behalf of plaintiffs and the members of a class.

20. The Class consists of consumers who received the same form letter, as did the plaintiffs.

21. The Class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter (a) bearing the defendant's letterhead in substantially the same form as the letter sent to the plaintiffs on or about February 1, 2012 and March 1, 2012, sent within one year prior to the date of the within complaint

concerning JP Morgan Chase (b) the collection letters were sent to a consumer seeking payment of a consumer debt; and (c) the collection letters were not returned by the postal service as undelivered (d) and that the letter contained violations of 15 U.S.C. §§ 1692g, 1692e(5) and 1692e(10).

22. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A) Based on the fact that form collection letters are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the defendant violated the FDCPA.

(C) The only individual issue is the identification of the consumers who received the collection letters, (i.e. the class members), a matter capable of ministerial determination from the records of Defendant.

(D) The claims of the plaintiffs are typical of those of the class members. All are based on the same facts and legal theories.

(E) The plaintiffs will fairly and adequately represent the class members' interests. The plaintiffs have retained counsel experienced in bringing class actions and collection-abuse claims. The plaintiff interests are consistent with those of the members of the class.

23. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing

the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

24. If the facts are discovered to be appropriate, the plaintiffs will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

25. Collection attempts, such as those made by the defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

26. The defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

27. Because the defendant violated of the Fair Debt Collection Practices Act, the plaintiffs and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiffs, respectfully request that this Court enter judgment in their favor and against the defendant and award damages as follows:

    (a) Statutory and actual damages provided under the FDCPA, 15 U.S.C. 1692(k);

    (b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c)     Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Cedarhurst, New York
May 9, 2012

_____
Adam J. Fishbein, P.C. (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

_____
Adam J. Fishbein (AF-9508)

# Allied Interstate LLC

877-488-3558

| BUFFALO | COLUMBUS | LOS ANGELES | PHOENIX |
| CAMBRIDGE | DELHI | MANILA | TORONTO |
| CLARK | HOUSTON | MINNEAPOLIS | WEST PALM BEACH |

February 1, 2012

Daniela Ortiz
1489 E 93Rd St
Brooklyn, NY 11236-5042

    Re:    JPMorgan Chase Bank, National Association    Account No. ▬▬▬▬▬▬
           Amount Owed: $4,225.95
           Reference number: 551040467040

Daniela Ortiz:

We are a debt collection company and our client, JPMorgan Chase Bank, National Association, has retained us to collect the debt noted above.

To make a payment, please telephone us at 877-488-3558 or mail your payment using the coupon on the reverse side of this letter. We process checks electronically, and your checking account will be debited on the day we receive your payment. Your check will not be returned.

The purpose of this letter is to collect this debt, and we will use any information we obtain for that purpose. If you do not dispute all or any portion of the debt within 30 days after receiving this letter, we will assume the debt is valid. If you notify us in writing within 30 days after receiving this letter that you dispute the validity of any portion of this debt, we will obtain verification of the debt, or a copy of a judgment against you, and mail it to you. If you provide a written request within 30 days after receiving this letter, we will provide you with the name and address of the original creditor, if different from the current creditor.

We urge you to make this payment promptly. If you fail to do so, we will have no choice but to continue taking further actions to ensure our client is paid.

Sincerely,

*Allied Interstate LLC*

Nicole Cummins

SEE REVERSE SIDE FOR OTHER IMPORTANT INFORMATION

3000 Corporate Exchange Drive, Columbus, OH
(Do not send payments or correspondence to this address)

We are a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

Federal and state laws prohibit certain methods of debt collection, and require that we treat you fairly. You can stop us from contacting you by writing a letter to us that tells us to stop the contact. Sending such a letter does not make the debt go away if you owe it. Once we receive your letter, we may not contact you again, except to let you know that there won't be any more contact or that we intend to take a specific action.

If you have a complaint about the way we are collecting this debt, please write to us at P.O. Box 6123, Carol Stream, IL 60197-6123, email us at advocacygroup@allied-interstate.com, or call us toll-free at 800-811-4214 between 9:00 A.M. Central Time and 5:00 P.M. Central Time Monday – Friday.

The Federal Trade Commission enforces the Fair Debt Collection Practices Act (FDCPA). If you have a complaint about the way we are collecting your debt, please contact the FTC online at www.ftc.gov; by phone at 877-FTC-HELP; or by mail at 600 Pennsylvania Ave., NW, Washington, DC 20580.

New York City Department of Consumer Affairs license numbers: 1140302, 1173635, 1140115, 1140113, 1140304, 1140551, 1140555, 0933734, 1168335, 1140606, 1140607, 1140608, 1248312, 1248315.

---

Send all payments and correspondence to Cardmember Services,
P.O. Box 15548, Wilmington, DE 19886-5548

(Detach and return with payment)

P.O. Box 1954
Southgate, MI 48195-0954

5510404670404

0028608/0000001

Daniela Ortiz
1489 E 93Rd St
Brooklyn, NY 11236-5042

Cardmember Services
P.O. Box 15548
Wilmington, DE 19886-5548

**AlliedInterstate**

877-488-3558

| BUFFALO | COLUMBUS | LOS ANGELES | PHOENIX |
| CAMBRIDGE | DELHI | MANILA | TORONTO |
| CLARK | HOUSTON | MINNEAPOLIS | WEST PALM BEACH |

March 1, 2012

Pinchas Ringel
101 Webster Ave
Brooklyn, NY 11230-1015

    Re:    JPMorgan Chase Bank, National Association   Account No. ██████████
           Amount Owed: $5,570.94
           Reference number: 551042385194

Pinchas Ringel:

We are a debt collection company and our client, JPMorgan Chase Bank, National Association, has retained us to collect the debt noted above.

To make a payment, please telephone us at 877-488-3558 or mail your payment using the coupon on the reverse side of this letter. We process checks electronically, and your checking account will be debited on the day we receive your payment. Your check will not be returned.

The purpose of this letter is to collect this debt, and we will use any information we obtain for that purpose. If you do not dispute all or any portion of the debt within 30 days after receiving this letter, we will assume the debt is valid. If you notify us in writing within 30 days after receiving this letter that you dispute the validity of any portion of this debt, we will obtain verification of the debt, or a copy of a judgment against you, and mail it to you. If you provide a written request within 30 days after receiving this letter, we will provide you with the name and address of the original creditor, if different from the current creditor.

We urge you to make this payment promptly. If you fail to do so, we will have no choice but to continue taking further actions to ensure our client is paid.

Sincerely,

*Allied Interstate LLC*

Jole Cummins

SEE REVERSE SIDE FOR OTHER IMPORTANT INFORMATION